In the Matter of CENTRAL CONNECTICUT SCREW MACHINE COMPANY, Incorporated, Bankrupt.

No. 28116.

United States District Court
D. Connecticut,
Bankruptcy Division.

Oct. 14, 1958

Robert P. Billings, Wallingford, Conn., for petitioner.

Richard W. Kahl, Trustee, Branford, Conn.

John H. Krick, New Haven, Conn., for trustee.

Harry P. Lander, New Haven, Conn., for bankrupt.

ANDERSON, District Judge.

The question presented by this petition concerns the validity of the lien of a chattel mortgage against the claim of the Trustee. The Referee decided against the mortgagee, The Union and New Haven Trust Co., hereinafter called the Bank, and in favor of the Trustee. The Bank here seeks a review of that decision.

The Bankrupt on June 7, 1955 gave the Bank a chattel mortgage on certain of its machinery to secure a loan of $7,111.99 payable in installments in the course of a year. This mortgage was properly executed and was filed for record on June 13, 1955. On June 7, 1956, however, there was still a balance due on the mortgage debt in the amount of $4,911.99 and at that time a new note for this balance was given by the Bankrupt to the Bank and the old note for $7,111.99 was cancelled. A new chattel mortgage on the same machinery was also executed and delivered to the Bank, similar to the June 7, 1955 mortgage, except for the date and the amount. On May 7, 1957 the Bankrupt was behind in his installment payments and interest and on that date the Bankrupt gave the Bank a new note for $5,158.59 (being the balance of $4,911.99 of principal plus accrued interest) and the note of June 7, 1956 for $4,911.99 was cancelled. A new chattel mortgage on the same machinery similar to the other mortgages, except for the date and the amount, was executed and delivered to the Bank. The original chattel mortgage of June 7, 1955 has never been released; and the mortgages of June 7, 1956 and May 7, 1957 were filed for record, but after the 15 days required by law so that they are invalid against the Trustee.

The Referee found in effect that the second note was taken by the Bank in payment for the first and the third was similarly taken in payment of the second. He also found that the parties intended to release the mortgage of June 7, 1955.

However, the loans and mortgages here were all a part of one continuous security transaction. Both the original debt and the property covered were identical under all three mortgages; the parties obviously intended that the loan be secured and continue to be secured by the same property throughout the life of the indebtedness. 33 A.L.R. 149, 154; cf. Windsor Trust Co. v. Champigny, 1927, 105 Conn. 615, 618, 136 A. 556.

There is no claim here that there are intervening equities in favor of the Trustee or the creditors he represents. Instead, the Trustee is seeking to grasp an advantage derived entirely from technical errors made by the Bank.

In Lomas and Nettleton Company v. Isacs, 1924, 101 Conn. 614, 127 A. 6, it was held that even though an earlier mortgage had been released of record when new notes and mortgage for the same sum were given, an encumbrance inferior to the old mortgage could not prevail over the new. The Court said, 101 Conn. at page 622, 127 A. at page 9, "No change in the form of the indebtedness or in the mode or time of payment will discharge the mortgage. * * * It was only in a purely technical sense that the first mortgage was discharged of record * * *." Thus, the intent of the parties in Lomas and Nettleton, as found by the Court, was to continue the old lien despite a release on the record.

In substance, the fact that a debtor and creditor, for their own convenience, rewrite their security agreement should not give a windfall to third parties. Where the debt covered by the earlier mortgage is not increased, and where the security remains unchanged, and where third parties are not prejudiced, the mortgagee is entitled to retain its security.

The decision of the Referee is reversed.

Because he ruled in favor of the Trustee on the first point, the Referee did not reach the second point raised by the Trustee as to the adequacy of the description of the mortgaged chattels. The case is therefore remanded to the Referee for consideration and adjudication of this additional question.